ELIJAH MOUNT v. EXECUTORS OF W. W. CUBBERLY, DEC.

On *Certiorari* to Mercer Pleas.

1. In the action for trover &c. the plaintiff must prove property in himself, a right of possession at the time of the conversion ; a conversion by the defendant and the value of the chattel ; and if these are set forth and averred intelligibly in his state of demand, it is sufficient.

2. A sufficient state of demand in trover.

*H. W. Green* for plaintiff in *Certiorari.*
*S. R. Hamilton* for defendant.

The opinion of the Court was delivered by

NEVIUS, J.    This was an action of trover brought before a Justice of the Peace, by the defendant's testator, and a judgment rendered in favor of the defendant.    On appeal brought, the judgment of the justice was reversed, and a judgment rendered for the plaintiff.    To reverse this latter judgment, this *Certiorari* is brought.

The ground upon which the plaintiff relies is an alleged defect in the state of demand.    The state of demand charges, "That some time last fall, say September or October, 1838, at &c. the plaintiff was lawfully possessed of a fine ewe and said ewe since that, had had one fine lamb, which the plaintiff claims, the two being of the value of eight dollars, as of his own property ; and being so possessed thereof, he the said plaintiff, afterwards, to . wit, on &c. at &c. casually lost the same out of his possession, and the ewe and lamb on &c. at &c. came to the hands and possession of the defendant by finding : yet the defendant well knowing the said *sheep* to be the property of the plaintiff and of right to belong to him, hath not, although requested, delivered the said *sheep* to the plaintiff but converted &c."

The plaintiff in *Certiorari* objects to this state of demand, for uncertainty ; and insists that it does not appear whether the plaintiff below claims damages for the *ewe* or the lamb, or for both ; and also for that there is no averment in the demand, that the plaintiff was ever possessed of the lamb, or ever lost it.

In this action it is necessary for the plaintiff to prove property in himself, a right of possession at the time of the conversion, a conversion by the defendant, and the value of the chattel, and if

these are set forth and averred in his state of demand in an intelligible manner, it is sufficient. Has the plaintiff done this?

He charges, that he was possessed in September, of a ewe which since that time had a lamb which he claims, the two being of the value of eight dollars, as of his own property. That he afterwards lost the same out of his possession and the "ewe and lamb came to the possession of the defendant by finding; and he knowing the" sheep to be the property of the plaintiff, converted them &c. Here the plaintiff distinctly alleges *property* in the chattel, the ewe and the lamb, and by alleging his property and the loss of it, he as distinctly avers his right to the possession, he avers the conversion by the defendant and the value of the property. I see no uncertainty in this state of demand. The plaintiff claims damages for both, and has set forth his claim as technically and as intelligibly as consistent with the facts upon which he intends to rely. The defendant was advised by it of the nature and extent of the demand, and could not be misled as to his defence. The right of property, and right of immediate possession, the conversion and value of the chattels, were all put in issue by the plea of the general issue. It is true, the plaintiff does not aver, that he was possessed of the lamb in September, 1838; it was not necessary he should; he avers his property in the lamb and that draws to it the possession, so that he may maintain trover.

I find no ground to warrant an interference with the judgment of the Common Pleas, therefore let it be affirmed with costs.

ELMER, J.   Cubberly commenced an action of Trover against Mount, in a court for the trial of small causes, and declared against the defendant, (ante, ut p. 124.) and recovered a judgment for eight dollars. The defendant appealed, the judgment was affirmed, and Mount now brings this *Certiorari*. and requests a reversal of the judgment for the insufficiency of the statement of demand.

The demand is alleged to be insufficient and uncertain, because it cannot be told, whether the plaintiff claims the ewe and lamb both, or which of them, and because there is no averment of property or possession of plaintiff in the lamb. These objections are not sustained. The plaintiff alleges substantially, that some

time last fall, say September or October, 1838, he was possessed of one fine ewe, which afterwards had a fine lamb, which the plaintiff claims, the two being of the value of eight dollars, as of his own property, which he on the same day, lost, and which on the same day came to the hands and possession of defendant by finding, and was by him on the same day converted to his own use.

This appears to me to be a good demand in trover. The property and the possession of the plaintiff in the ewe and lamb, and the conversion thereof by the defendant are sufficiently stated, provided the time when the plaintiff had such property and the time of the conversion are legally set forth ; a defect in these particulars, forms another ground of objection to this demand.

The court will require a demand containing a substantial cause of action, legally stated. In trover, the time of conversion is essential. A time must be alleged, although not necessary to be proved on the precise day laid. It must appear that the plaintiff had property or possession, or both, in the articles in dispute, and that they were converted by the defendant to his own use, before suit brought. A time when the cause of action is alleged to have arisen, is essential to the validity of every demand. 1 *Chitty*, 246, 258 ; *Saunders, P. and Evidence*, 872 ; 14 *Johns. Rep.* 369 ; *Comyns Dig. pleader C.* 19. In the case of *Vangilder* v. *Stull*, 5 *Halst.* 233 ; the state of demand made no mention of the time when the services were rendered, for which the plaintiff claimed to recover compensation, and the judgment was reversed for that omission. See also the cases cited by Chief Justice Ewing, in pronouncing the opinion of the court ; and the opinion of Justice Dayton, in *Glenn* v. *Garrison*, 1 *Harr. Rep.* 1. In trover, the time of the conversion by defendant, is essential to be stated, that it may appear the conversion was before suit brought. The question here is, does the demand contain a legal statement of the time ? The demand is, " that some time last fall, say September or October, in the year 1838, at &c." This is the only statement of the time in the demand : is this sufficient ?

The usual mode of stating the time, is to give the day of the month, and the year. The only case that departs from this rule, is that of *Lippincott* v. *Smith*. 1 *South.* 95, in trespass, where

the time was stated, " about in the month of September, 1814," and held by the majority of the court to be sufficient, Justice Southard, dissenting.

The statement of the time in the present case, is a greater departure from the rule, and still more vague and uncertain. Sometime last fall, say September or October, is not a legal specification of the time. It would have been quite as correct, if it had stated, last fall—or last year, or in, or about the year 1838, or before the commencement of this suit. A statement of demand, without any time, would have been as good as the present. It is no answer to this objection to say, the time is immaterial, it need not be proved precisely as laid. Such arguments destroy the rule. The law requires a time, and so long as the rule requiring a time to be stated exists, so long should the day of the month, the month, and the year be stated. To sustain this statement of demand, would, in my opinion, be an entire abandonment of the rules of pleading in relation to time. The judgment of the Pleas should be reversed for this reason.

*Judgment affirmed.*